UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

In re:
JASON KAHAN,                                      Chapter 13
    Debtor                                    Case No. 23-11830

MOTION TO CONVERT CASE TO THE ONE UNDER CHAPTER 7
_____

    A&M MANAGEMENT GROUP LLC, the Creditor, by and through its counsel, hereby moves this Court to convert this Chapter 13 case to the one under Chapter 7 in the event the Debtor fails to cure his Chapter 13 Plan arrears. In support thereof the Creditor states as follows:

1. The Debtor's Chapter 13 Petition was filed on November 7, 2023.

2. On or about January 17, 2024, the Chapter 13 Trustee filed her Motion for Order Dismissing Case for failure of the Debtor to make Chapter 13 Plan payments.

3. The Creditor, A&M MANAGEMENT GROUP LLC, is the holder of a claim against the Debtor in the amount of approximately $400,000.00 arising out of a Middlesex Superior Court action #: 2381CV02336. The movant's claim was neither scheduled nor listed.

4. In light of this the Creditor was unable to participate in a Section 341 Meeting and examine the Debtor.

5. The Debtor's schedules and the Statement of Financial Affairs reveals that the Debtor has failed to list numerous other debts including but not limited to Federal Tax Line in the amount of $194,355.00, an attachment Northeast Building Supply LLC in the amount of $60,000.00, Writ of Attachment of QL Boston LLC in the amount of $142,202.00.

6. In addition, on or about January 16, 2024, Boston Redevelopment Authority filed its proof of claim in the amount of $1,173,358.77. On information and belief, the claim of Boston Redevelopment Authority related to the Debtor's failure to pay Boston Redevelopment Authority the proceeds from the sale of certain development project. On information and

    belief, the Debtor claimed that the failure to pay Boston Redevelopment Authority was due to the project cost overrun.

7. The movant's claim against the Debtor arises from the Debtor's failure to repay private loans to the movant that were borrowed by the Debtor and his affiliates in conjunction with several real estate projects where the Debtor's failure to repay was also explained by construction cost overrun.

8. One of the claims against the Debtor is an attachment by Northeast Building Supply LLC which appears to relate to the failure of the Debtor to pay for the construction materials.

9. In light of this, it appears that the Debtor was practicing a scam of borrowing large sums of money to finance various construction projects and failing to repay construction loans blaming the failures on construction costs overrun. Needless to say, the Debtor may show that this impression is wrong, yet the creditors should have an opportunity to investigate once bankruptcy is filed.

10. In addition, the Debtor's schedules indicate that the Debtor has been involved in cryptocurrency investments, a well-known mechanism of making shadow transferers of funds.

11. In light of the foregoing, the movant submits that the Debtor's Chapter 13 case should not be dismissed in the event that the Debtor fails to cure his Chapter 13 Plan arrears but instead converted to a Chapter 7 to allow a Chapter 7 Trustee and the movant to investigate Debtor's financial affairs and determine whether the Debtor concealed his assets.

    WHEREFORE, the Creditor respectfully requests that the Court convert this case to the one under Chapter 7 in the event the Debtor fails to cure Chapter 13 Plan arrears.

    [Signature lines appear on the next page]

        A&M MANAGEMENT GROUP LLC
by and through its counsel:

*/s/ Vladimir von Timroth*

_____
Vladimir von Timroth, Esq., BBO #643553
VON TIMROTH P.A.
100 June Street
Worcester, MA 01602
Tel. 508-753-2006
Fax 774-221-9146
vontimroth@gmail.com

CERTIFICATE OF SERVICE

I, Vladimir von Timroth, do hereby certify that I will, upon receipt of the notice of electronic service, serve a copy of the within document by mailing the same to any of the parties below who are not deemed to have consented to electronic notice or service under EFR 9.

*/s/ Vladimir von Timroth*

_____
Vladimir von Timroth, Esq., BBO #643553
vontimroth@gmail.com

DATED: January 23, 2024

Jason Kahan
23 Sagamore Lane
Boxford, MA 01921

Richard King
Office of US. Trustee
446 Main Street, 14th Floor
Worcester, MA  01608

Matthew T. Desrochers
The Law Offices of Matthew T. Desrochers
274 Main Street, Suite 208
Reading, MA 01867

Carolyn Bankowski-13-12
Chapter 13-12 Trustee Boston
P. O. Box 8250
Boston, MA 02114

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Massachusetts Department of Revenue
Bankruptcy Unit
PO Box 7090
Boston, MA 02204

Santander Consumer USA Inc.
P.O. Box 961275
Fort Worth, TX 76161

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001

Enterprise Bank and Trust Company
Attn: Special Assets
222 Merrimack St.
Lowell, MA 01852

Enterprise Bank and Trust Company
c/o Cunningham Machanic
220 North Main Street, 3rd Floor
Natick, MA 01760

Robert F. Tenney
Cunningham, Machanic, Cetlin,
220 North Main Street
Natick, MA 01760

National Grid
300 Erie Blvd West
Syracuse, NY 13202

PORTFOLIO RECOVERY ASSOCIATES, LLC
POB 41067
Norfolk, VA 23541

Boston Redevelopment Authority d/b/a Boston Planning & Development Agency
Boston City Hall
Boston, MA 02201

Joseph M. Downes, III
Downes McMahon LLP
215 Lewis Wharf
Boston, MA 02110

Fidelis Residential Bridge Loan Venture V LP
c/o Law Offices of Alan M. Cohen & Assoc
209 West Central St.
Ste. 126
Natick, MA 01760

A&M MANAGEMENT GROUP LLC
8 Courtyard Pl.
Lexington, MA 02420 0